IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 2006-29 |
| TREVOR DORSETT : | |
| : | |

**MEMORANDUM AND ORDER**

**Juan R. Sánchez, J.**                                                                                     **January 7, 2009**

Defendant Trevor Dorsett moves for a judgment of acquittal, or alternatively, for a new trial, on the grounds there was insufficient evidence to establish he had the specific intent to aid and abet distribution of narcotics; the Court's pretrial suppression rulings were erroneous; and the Court's specific intent instruction was inadequate. The Government argues the intent element was sufficiently established by testimony and inferences properly drawn from physical evidence; the Court's pretrial suppression rulings were correct; and the jury was properly instructed on specific intent. The Court agrees with the Government and will deny Dorsett's motion.

**FACTS**

On December 3, 2003, Virgin Islands Police Officer Angela Brown, using surveillance cameras, observed Petersen and co-defendant Trevor Dorsett in the Cruz Bay area of St. John, near the Julius Sprauve School. Officer Brown testified she saw Petersen approach and hand a plastic bag, containing a brick-like object, to Dorsett. She then observed Defendants enter a red Mitsubishi vehicle and drive towards North Shore Road. Officer Brown radioed to fellow officers to look out for Defendants.

Officer Emile Proctor testified he subsequently observed Defendants' vehicle fail to stop at a stop sign. Officer Proctor stopped Defendants' vehicle, and observed a plastic bag being thrown from the driver's side window. Officers Angela Brown, Steve Gibbons, and Dennis Vanterpool

arrived at the scene. Officer Vanterpool retrieved the bag Officer Proctor saw thrown from the window, and Officer Vanterpool identified the bag's contents as crack cocaine.

Officer Brown observed a plastic bag on the rear floor of the vehicle, and recognized it as the bag she observed Defendants handling on the street earlier. Both Defendants disavowed knowledge and ownership of the bag. The bag contained over a kilogram of cocaine.

Defendants were indicted on two counts of possession with intent to distribute within 1,000 feet of a school. Count I charged Defendants with aiding and abetting one another and unknown others, and possessing with intent to distribute more than five grams of crack cocaine, within 1,000 feet of a public school. The Court granted Defendants' motion to dismiss Count I at the conclusion of the first trial.

Count II charged Defendants with aiding and abetting one another and unknown others, and possessing with intent to distribute more than five hundred grams of cocaine, within 1,000 feet of a public school. Count II read as follows:

> On or about December 5, 2003, at St. John, in the District of the Virgin Islands, the defendants, GLENN PETERSEN and TREVOR DORSETT while aiding and abetting one another, and others unknown to the grand jury, knowingly and intentionally possessed with intent to distribute a Schedule II narcotic controlled substance, that is, more than five hundred (500) grams of a mixture and substance containing a detectable amount of cocaine hydrochloride, in violation of Title 21, United States Code, Section 841(a), within 1000 feet of a public school, that is, the Julius Sprauve School.
>
> All in violation of Title 21, United States Code, §§§ 841(a), 841(b)(1)(B)(iii), 860 and Title 18, United States Code § 2.

At the conclusion of the first trial, the Court declared a mistrial on Count II as to both Defendants.

Defendants were re-tried, starting on May 12, 2008, on Count II of the Indictment. Defendants were convicted by way of separate special verdict forms. Defendants' verdict forms

each contained three questions, identical other than the variance in Defendants' names. The first special interrogatory was:

> Do you unanimously find that the Government has proven beyond a reasonable doubt that the defendant [individual Defendant's name] knowingly and intentionally possessed with intent to distribute a mixture or substance containing cocaine?

On both Defendants' verdict forms, the jury answered "Yes." The second special interrogatory was:

> Do you unanimously find that the Government has proven beyond a reasonable doubt that the defendant [individual Defendant's name] was within one thousand feet of a school when he knowingly and intentionally possessed with intent to distribute a mixture or substance containing cocaine?

On both Defendants' verdict forms, the jury answered "No." The third special interrogatory was:

> Do you find that the Government has proven beyond a reasonable doubt that the quantity of a mixture or substance containing cocaine that the defendant [individual Defendant's name] knowingly and intentionally possessed with intent to distribute was 500 grams or more?

On both Defendants' verdict forms, the jury answered "Yes."

On September 22, 2008, Petersen moved for a judgment of acquittal, or in the alternative, for a new trial. The Court heard argument on this motion on December 5, 2008. At argument, Petersen moved to join Dorsett's motion in full. Dorsett also moved to join Petersen's motion, except insofar as Petersen argued exclusion of certain testimony constituted a violation of Petersen's Sixth Amendment rights. The Court granted both motions to join. The Court will address the arguments briefed by Petersen and Dorsett in their respective opinions. To the extent Defendants have joined each other's motions, the Court's rulings on the issues are applicable to both Defendants.

**DISCUSSION**

On a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, a trial court must decide "whether, after viewing the evidence in the light most favorable to the prosecutor,

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Upon a defendant's motion for a new trial, a trial court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant or deny a motion for new trial is committed to a trial judge's sound discretion. *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). Where a defendant's Rule 33 motion is premised upon allegations of trial error, a court will grant the motion "only if there is a reasonable probability that trial error could have had a substantial influence on the jury's decision." *Gov't of V.I. v. Commissiong*, 706 F. Supp. 1172, 1184 (D.V.I. 1989) (citations and internal quotation marks omitted). The Court may order a new trial on the ground a jury's verdict is contrary to the weight of evidence only if the Court finds "there is a serious danger that a miscarriage of justice has occurred – that is, that an innocent person has been convicted." *United States v. Davis,* 397 F.3d 173, 181 (3d Cir. 2005) (citations and internal quotation marks omitted).

Dorsett argues he is entitled to acquittal because the evidence was insufficient to prove he had the intent to aid and abet the crime of possession with intent to distribute cocaine. Dorsett contends any inferences regarding such intent arising from the quantity or packaging of the recovered drugs are supportable only against a defendant who had specific knowledge the contraband was cocaine. Dorsett relies upon *United States v. Cartwright*, 359 F.3d 281 (3d Cir. 2004), in which the Third Circuit reversed a defendant's conviction for aiding and abetting possession with intent to distribute cocaine. In *Cartwright*, the appellate court concluded there was sufficient evidence to establish the defendant acted as a lookout during a drug transaction – communicating with drug dealers, acting furtively, and carrying a loaded pistol and the same type

of two-way communications device as his co-defendants. *Id.* at 285-86. The Third Circuit reversed his aiding and abetting conviction, however, reasoning there was insufficient evidence to prove the defendant knew the transaction involved drugs, instead of some other type of contraband. *Id.* at 286-87. Dorsett contends the present circumstances are analogous to *Cartwright* because the evidence against him was insufficient to establish Dorsett knew what was in Petersen's bag, and was therefore insufficient to establish the specific intent element of the aiding and abetting offense.

In evaluating a sufficiency challenge, a court must consider "the evidence in the light most favorable to the government and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Frorup*, 963 F.2d 41, 42 (3d Cir. 1992). Viewed in the light most favorable to the Government, the evidence presented here is sufficient to establish Dorsett knew the bag contained cocaine. *Cf. United States v. Carpio-Sanchez*, No. 07-2823, 2008 WL 5051987, at *2-3 (3d Cir. Dec. 1, 2008). Dorsett actually handled the bag containing the controlled substance. The surveillance videotape reveals Dorsett's acceptance of the bag from Petersen and Dorsett's furtive behavior. Furthermore, the bag of cocaine was recovered from the vehicle which Dorsett was driving. These facts constitute sufficient evidence from which the jury could infer Dorsett knew the contents of the bag and intended to aid and abet Petersen in possessing the cocaine with intent to distribute.

Dorsett next asserts he is entitled to a new trial because the drug evidence introduced into evidence was the fruit of an illegal stop and therefore was improperly admitted. Dorsett asserts the surveillance videotape evidence, discovered after the suppression hearings and presented at trial, establishes that Officer Proctor did not witness Defendants' vehicle running a stop sign and no

traffic violation occurred. Dorsett argues the traffic stop was purely pretextual and thus illegal, and any evidence seized as a result should have been suppressed as the fruit of an illegal stop.

"Under the law of the case doctrine, once an issue has been decided, parties may not relitigate that issue in the same case." *Waldorf v. Shuta*, 142 F.3d 601, 616 n.4 (3d Cir. 1998). "Occasions will arise, however, when a pretrial denial of a motion to suppress is not binding upon the trial judge. If new facts come to light at trial, the trial judge in the exercise of his discretion may consider anew the suppression issue." *United States v. Montos*, 421 F.2d 215, 220 (5th Cir. 1970) (citations omitted).

Police officers must possess "some minimal level of objective justification" for making a traffic stop. *Alabama v. White*, 496 U.S. 325, 329-30 (1990) (citation and internal quotation marks omitted). A traffic stop is constitutional where it is "based on an articulable and reasonable suspicion that either the vehicle or an occupant has violated the law." *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995) (alterations and internal quotation marks omitted) (quoting *Delaware v. Prouse*, 440 U.S. 648, 663 (1979)).

The evidence seized from the traffic stop was properly admitted. The videotape surveillance evidence presented at trial did not discredit Officer Proctor's testimony that he observed a traffic violation. Under *Johnson*, Officer Proctor's observation of a traffic violation satisfies the "minimal level of objective justification" required by the Constitution to lawfully stop Defendants' vehicle.[1]

---

[1] Even if the Court concluded Officer Proctor's decision to stop Defendants' vehicle was motivated by factors other than the traffic violation, the Court could properly admit the drug evidence as long as the Court found Proctor's testimony regarding his observation credible. *See Whren v. United States*, 517 U.S. 806, 813 (1996) ("[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.") (citation and internal quotation marks omitted).

*White*, 469 U.S. at 329-30.  Therefore, because the evidence was properly admitted, Defendant is not entitled to a new trial.

Dorsett also seeks a new trial on the basis the Court's specific intent instruction did not adequately explain to the jury that conviction requires a finding that Dorsett had the specific intent to aid and abet the crime of possession with intent to distribute cocaine.  Dorsett asserts that, because of the paucity of evidence establishing Dorsett's connection with the bag's contents, the error in instruction was not harmless.

"To establish liability for a crime based on aiding and abetting theory, the government must prove that the underlying crime occurred and that the defendant knew of the crime and attempted to facilitate it. The government must also prove that the defendant had the specific intent of facilitating the crime . . . . [M]ere knowledge of the underlying offense is not sufficient for conviction."  *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002) (citations and internal quotation marks omitted).   The Court provided the jury with the following instruction regarding specific intent:

> If the evidence shows that the defendant knew that the offense was being committed, or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid or otherwise associate himself with the offense, you may not find the defendant guilty of the offense as an aider and abettor.

This specific intent instruction was adequate.  The instruction comported with *Gordon*'s requirement the Government must prove Dorsett specifically intended to facilitate the crime of possession with intent to distribute.  The phrase "the defendant's intent and purpose to aid or otherwise associate himself with the offense" sufficiently notified the jury that, to convict, it had to find Dorsett had the specific intent to aid and abet the crime charged in the Indictment. Moreover,

in its instruction to the jury, the Court used the Third Circuit's model jury instruction for aiding and abetting liability. *See* Third Circuit Model Criminal Instructions § 7.02.

Consistent with the Court's previous ruling on the record and the Court's Order of December 10, 2008, Dorsett's motion is denied.

BY THE COURT:

/s/Juan R. Sánchez